Brinkerhoff, J.
The record in this case presents three questions :
1. Did the court below err in permitting the prosecution to give in evidence to the jury admissions made by the defendant as to the fact of the former marriage ?
*The cases bearing on this question are conflicting; but, on the authority of the case of Wolverton v. The State, 16 Ohio, 173, and the reasoning of the court in support of the ruling in that case, we hold that the court below did not err on this point.
2. Did the court err in overruling the motion in arrest of jadgmont on the ground that the indictment is defective in this — that it does not contain an averment that the former wife “ had not been continually and willfully absent for the space of five years ■together, and unheard from, next before the time of” the second marriage charged in the indictment ?
The indictment is framed under the seventh section of the act *425 providing for the punishment of crimes, 1 Curwen’s Stat. 185; which section is as follows:
“ That if any married person, having a husband or wife living, -shall marry any other person, every person so offending shall bo deemed guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the penitentiary and kept at hard labor not more than seven years nor less than one year; but nothing contained in this section shall be construed to extend to any person whose husband or wife shall be continually and willfully absent for the space of five years together, and unheard from, next before the time of such marriage.”
Whether the rule on this point laid down by this court in Hirn v. The State, 1 Ohio St. 15, was properly applied in that case, -may be questionable, and as to that, the court was not unanimous ; but that the rule as there laid down is the correct one, and well •sustained by authority, we have no doubt. It was there held, that “ a negative averment to the matter of an exception or proviso in a statute is not requisite in an indictment, unless the matter of such exception or proviso enter into and become a part of the description of the effense, or a qualification of the languago defining or creating it.” And in 1 Wharton’s Am. Cr. L., sec. 378, it is said : “ If provisos and exceptions are contained in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos *it contains.” “ For all these are matters of defense, which the prosecutor need not anticipate, but which are more properly to come from the prisoner.”
Applying these rules to the indictment in question, we are of opinion that it is sufficient. The proviso here is in a distinct clause of the section, and forms no part of, and does not enter into, the description of the offense created and defined by it. We are satisfied, moreover, that this holding is in conformity with the general practice heretofore in this state; and it is stated in Warren’s Ohio Cr. Law, 345, that the indictment in the case of Wolverton above referred to, and the conviction and sentence under which was affirmed by the court in bank, contained no negative averment, the want of which is here alleged for error.
3. The only remaining question in the case is one which arises •on the admissibility in evidence of what purports to be a copy of a record or registry of the marriage of a person of the defendant’s *426 name to a woman of the name of his former wife, as charged in the indictment, at Seibeldingen, in the Palatinate, or Rhenish Bavaria, as evidence of his former marriage, and the charge of the court below, to the effect that said transcript of record was prima facie evidence of the fact and of the legality , of the marriage therein recited and declared; and this, in the absence of any proof, dehors the transcript and its authentications, that the same was made by the authority of, or in conformity with, the laws of Bavaria.
If it had been proved, or if we were authorized to presume, that this record was made under the authority of, and in conformity to, the laws of the country where made, we have no doubt that it is well and abundantly authenticated. First wo have the certificate of the correctness of the transcript under the hand and official seal of “the officer of the civil service ” of the commune and mayorality of Seibeldingen, in the canton and district of Landau, in the Palatinate, kingdom of Bavaria; then comes the certificate and seal of the president of the royal district court verifying the signature of the “officer of the civil service;” and so on we have the certificates and seals of the president of the royal Bavarian *Court of Appeals, of the royal private secretary of the royal state department of justice, and of the secretary-general of the royal house of foreign affairs of the kingdom; each in succession verifying the signature of the one immediately preceding. Now, Bavaria is an independent and sovereign kingdom, long recognized by the civilized world as such, and it seems to be settled law that the certificate and seal of the department of foreign affairs of such a government ¡Droves itself, and is a sufficient authentication of any public record of such country, made and kept in obedience and conformity to its laws. 1 Greenl. Ev., secs. 4, 479 ; The Estrella, 4 Wheat. 298.
The difficulty is not in the want of due authentication of the record, but in the absence of proof that the Seibeldingen record was made in conformity with the laws of Bavaria; or, in other words in the want of proof that those laws require and authorize such records of marriages to be made and kept. No such proof was given, and we are unable to see how we can presume the existence of such laws. And the books are uniform to the effect that it is essential to the official character of any record, and to its competency as evidence, that it has been made and kept by *427 a person whose duty it was to make and keep it. 1 Greenleaf’s Ev., sec. 485. And before an instrument, made in a foreign country, which derives a legal effect and operation from the laws of that country, can be admitted in evidence, the existence the law itself must be proved. 2 Starkie on Ev. 460; 1 Bishop on Marriage and Divorce, sec. 478. We are forced to the conclusion, therefore, that there was error in the admission of the Seibeldingen record in evidence, and in the charge of the court to the jury as to its legal effect.
Judgment reversed, and cause remanded for new trial.
Day, C. J., and White, Welch, and Scott, JJ., concurred.